Filed 6/4/24  P. v. Hunt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098120 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE020364) |
| v. | |
| RYAN J. HUNT, | |
| Defendant and Appellant. | |

A jury found defendant Ryan J. Hunt guilty of corporal injury on a dating partner and making criminal threats toward her.  In a bifurcated bench trial, the trial court found true that defendant had suffered a prior strike conviction.  After denying defendant's motion to strike the prior conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, the trial court sentenced defendant to an aggregate term of nine years four months in state prison.

1

On appeal, defendant's sole contention is that the trial court abused its discretion in denying his motion to strike the prior conviction. We disagree and affirm the judgment.

## BACKGROUND

Given the nature of defendant's claims on appeal, we do not recount the facts of the current offense in great detail. It suffices to describe that on December 6, 2021, after Latoya Doe spent the night with defendant, defendant determined, upon looking at Doe's cell phone, that Doe had been communicating with the father of her children. Upon discovering this, defendant choked Doe for approximately two minutes. Doe was dizzy and having difficulty breathing, but she did not lose consciousness.

Defendant then walked into his room and Doe followed. Defendant pushed Doe to the floor, tore her shirt off, and slapped her in the face multiple times. Defendant pushed Doe onto his bed, put his knees on her chest so she could not move, and continued slapping her, while calling her names.

When defendant got off Doe, she got up and ran to defendant's grandparents' room. Defendant chased her and dragged her by her hair back to his room. Doe had a wig on that defendant pulled off. He had his gun in his hand but no ammunition.

When Doe was lying on the floor of defendant's bedroom, she found she had urinated on herself. Doe heard defendant put a bullet in the gun and cock it. Defendant turned the shower on and told Doe to sit on the edge of the tub. He said, "Come sit on the shower. I'm going to kill you." Defendant held the gun to Doe's head. Doe begged defendant not to shoot her, asking him what her children would do without their mother. Doe apologized for talking to her children's father.

Doe lied and told defendant she had to take her daughter to a meeting at her daughter's school. Defendant said he would drive her there. During the drive, defendant slapped Doe's face numerous times. Upon arrival at the school district building, Doe went into the office and told a woman that her boyfriend had beaten her and showed her

2

split lip.  The woman took her to the women's restroom.  The woman told another employee to call 911.

The jury found defendant guilty of corporal injury to a dating partner (Pen. Code, § 273.5, subd. (a))[1] and making criminal threats (§ 422).  The jury found true that the offense involved great violence, great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)),[2] the victim was particularly vulnerable (rule 4.421(a)(3)), and defendant engaged in violent conduct indicating a serious danger to society (rule 4.421(b)(1)).  The jury found not true that defendant was armed or used a weapon (rule 4.421(a)(2)).  The jury also found defendant not guilty of assault with a firearm (§ 245, subd. (a)(2)) and unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1)).

Defendant waived jury trial on the prior conviction.  The trial court found beyond a reasonable doubt that defendant had suffered a 2016 conviction for robbery (§ 211).  The trial court further found true beyond a reasonable doubt that defendant's prior convictions as an adult were numerous (rule 4.421(b)(2)) and that he had served a prior prison term (rule 4.421(b)(3)).

Defendant filed a motion to strike his prior conviction under *Romero* and section 1385.  Defendant argued that, since his conviction, he had been seen by psychiatric staff and diagnosed with anxiety, depression, and schizoaffective disorder.  Defendant was currently taking medications that had made a significant impact on his life, helping to clear his mind.  Defendant pointed out that, prior to trial, he had been admitted to a two-year drug treatment program, but the trial court and the People rejected a plea deal that included the program.  Defendant maintained he had demonstrated preconviction that he

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Undesignated rule references are to the California Rules of Court.

3

had been self-medicating with illegal drugs to combat his mental illness. Defendant also argued that he had been the victim of a sexual assault while incarcerated and did not pursue the offender for fear of retaliation, which helped him realize he had mental health issues. Lastly, defendant outlined his plans to provide needed care for his grandparents, whose health was in decline. The People did not file a written opposition.

At the sentencing hearing, defense counsel argued along the same lines as the motion, suggesting that defendant was not properly medicated at the time of the current offense and noting that he had tried to get help with his addiction issues. In opposition, the People argued that defendant's current offense was particularly violent. The People further argued the prior conviction involved a senseless robbery of a motel worker at gunpoint (although defendant pled guilty to simple robbery). Finally, the People emphasized defendant's criminal history. Nine months after the strike conviction, defendant was charged with unlawful possession of firearm by felon and sentenced to 32 months in state prison. While in prison, defendant assaulted another inmate and was sentenced to four years for that offense. Defendant committed the current offense shortly after his release, while he was still on parole.

In ruling on the motion, the trial court noted that defendant was a 28-year-old man who had been given many opportunities to change. In particular, when in 2016, defendant served a year in county jail followed by probation for robbery, that should have been an opportunity for defendant to wake up and change his life. But nine months later, defendant was convicted of unlawful possession of a firearm, even though he knew as a felon he was prohibited from having a gun, and he had been convicted of a strike, which he knew could double the term of the next offense. Doubled by the strike, defendant received a 32-month sentence. While in prison, defendant was convicted of another felony where it was also alleged that he committed the crime for the benefit of a gang. Defendant thus was convicted of three felonies in a two-year period of time. Defendant was released on April 9, 2020, and in December 2021, while still on parole, defendant

4

committed the current offense. While in custody for that offense, defendant received numerous disciplinary reports.

Turning to the current offense, the trial court noted that it was very violent: defendant choked the victim and threatened to kill her. Defendant made the victim go with him to the school and menaced her when he followed her inside. The trial court stated that in observing the victim testify, it was obvious she was extremely fearful.

The trial court concluded that defendant had a history of major criminal offenses—robbery, unlawful gun possession, assault on an inmate—followed by domestic violence and criminal threats in the current case, as well as disciplinary problems in jail. The trial court concluded that defendant's prospects were not good. It appeared defendant could not get through probation or parole without violating it and had multiple disciplinary violations in custody. Given these factors, as well as defendant's age, the trial court found that defendant was clearly within the spirit of the "Three Strikes" law, and it would be an abuse of discretion to strike the prior conviction.

The trial court sentenced defendant to the upper term of four years for violation of section 273.5, subdivision (a), doubled to eight years by the strike, and eight months (one-third the middle term) for making criminal threats (§ 422), doubled by the strike to 16 months, for an aggregate prison sentence of nine years four months.

## DISCUSSION

Defendant contends that the trial court erred in denying his motion to strike the prior conviction, arguing that "given the remoteness of [defendant's] strike prior, his significant mental health conditions, and his willingness to rehabilitate himself, it would be in the furtherance of justice to strike the strike prior." We disagree.

The California Supreme Court held in *Romero* that the trial court has limited discretion under section 1385 to dismiss a prior strike " 'in furtherance of justice.' " (*People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 530.) The trial court "must consider whether, in light of the nature and circumstances of [the defendant's] present

5

felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

"[A] court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)  We are "guided by two fundamental precepts.  First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.]  Second, a ' "decision will not be reversed merely because reasonable people disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)  Only in the "extraordinary case," where the factors described in *People v. Williams, supra*, 17 Cal.4th 161 "manifestly support the striking of a prior conviction and no reasonable minds could differ," will the failure to strike constitute an abuse of discretion. (*Carmony*, at p. 378.)

Here, defendant fails to carry his burden to show that this is an extraordinary case.  Defendant asserts that the prior conviction should be dismissed because it was remote, occurring over five years before the current offense.  However, remoteness alone does not justify dismissing a prior strike conviction.  (*People v. Dain* (2024) 99 Cal.App.5th 399, 415-416, review granted May 29, 2024, S283924.)  A "prior conviction may be stricken if it is remote in time," and a defendant has had a "crime-free cleansing period of

6

rehabilitation" after having "the opportunity to reflect upon the error of his or her ways." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) " '[O]lder strike convictions do not deserve judicial forgiveness unless the defendant has used them as a pivot point for reforming his ways.' " (*Dain*, at p. 416.) Here, as the trial court emphasized, defendant did not reform his ways after the prior conviction. Within nine months after release from the prior conviction, he committed another crime and was sent to prison, where he committed yet another crime and served another prison sentence. Defendant was on parole from that conviction when he committed the current offense. Thus, the fact that defendant's prior conviction was five years old cannot justify granting his motion under *Romero*.

Turning to defendant's mental health, defendant argues that he has "significant mental health conditions," but "medications have had a significant impact on [his] life, and he is clearly in a better mental state than before." Our review of the sentencing hearing transcript indicates that the trial court considered defendant's mental illness, which was first diagnosed in high school, as a mitigating factor in sentencing, but not expressly in denying defendant's motion to strike. Nonetheless, we find no abuse of discretion. Defense counsel argued at the sentencing hearing that defendant had improved in custody since receiving appropriate medication, and "he is now the person that he would typically be on the outside if he's medicated," and "he wouldn't do this again if he's on his medication." These statements are at odds with defendant's conduct in custody in the current case where defendant *is* receiving medication. Rather, defendant's conduct when incarcerated is consistent with his conduct when he was not incarcerated. As the trial court observed, while "in custody on this case, he's had numerous disciplinary reports," including for assault, fraud, theft, destruction of county property, and insubordination. Defendant had received "67 days full restriction since he's been in the county jail, and one week of commissary loss. [¶] So while he's been in custody, he has been far from an exemplary inmate. He's, in fact, been a very disruptive

7

inmate while in custody." Taking defendant's conduct in custody into account, the trial court was justified in declining to strike the prior conviction notwithstanding defendant's mental health issues.

Lastly, defendant claims that the trial court abused its discretion in refusing to strike his prior conviction because of his willingness to rehabilitate himself. Defendant bases this argument on his tentative acceptance into a residential program for alcoholics, drug addicts, and convicts. At the sentencing hearing, citing this program, defense counsel argued that defendant had tried to get help with his drug addiction issues pretrial.

Courts have considered a defendant's efforts to address drug addiction as a factor in mitigation. (See, e.g., *People v. Avila* (2020) 57 Cal.App.5th 1134, 1144; *People v. Gaston* (1999) 74 Cal.App.4th 310, 322.) In this instance, however, as noted in the probation report, defendant acknowledged that he had been abusing drugs most of his life and was using a combination of Percocet and fentanyl every day up to the day he was arrested. Defendant had never participated in any inpatient or outpatient drug or alcohol program. Defendant denied personally having substance abuse issues, conceding only that his family had issues with drugs and alcohol that affected him. Defendant sought to enter a program initially as part of a plea deal he proposed to avoid trial and a potential prison sentence, which the trial court and prosecutor rejected. Accordingly, his reliance on a drug treatment program both to avoid trial and punishment and as a factor in favor of striking a prior conviction suggests that defendant viewed rehabilitation as a means to mitigate the consequences of his criminal conduct. In any event, to the extent that after his arrest in this case, defendant became willing to seek treatment for drug addiction, that willingness is far outweighed by his many years of criminality.

Given defendant's criminal history, the violence of the current offense, and his disruptive conduct while incarcerated, the trial court's decision to deny defendant's motion under *Romero* was neither irrational nor arbitrary. Nothing about defendant's circumstances is so extraordinary that he falls outside of the spirit of the Three Strikes

8

law.  The trial court's decision not to dismiss defendant's prior strike did not constitute an abuse of discretion.

## DISPOSITION

The judgment is affirmed.


                                         /s/
                                  EARL, P. J.


We concur:


     /s/
KRAUSE, J.


     /s/
BOULWARE EURIE, J.

9